# In the United States District Court for the Southern District of Georgia Brunswick Division

CHERYL A. ABRAMS and
FRANK VOZNEK,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

CV 2:25-117

## ORDER

Before the Court are *pro se* Plaintiffs Cheryl Abrams and Frank Voznek's motion to strike Defendant State Farm's motion to dismiss and motion for entry of default, dkt. nos. 23-27. Therein, Plaintiffs move to strike Defendant's motion to dismiss as being untimely filed. Plaintiffs' motions are **DENIED**.

Plaintiffs served Defendant with process on September 25, 2025 at 4:22 p.m. See Dkt. No. 23 at 1; Dkt. No. 6 at 2. Defendant filed its motion to dismiss twenty-one days later on October 16, 2025 at 4:49 p.m. See Dkt. No. 23 at 1; Dkt. No. 21. Plaintiffs contend that, because Defendant filed its motion to dismiss "twenty-seven (27) minutes into day 22 of the post-service period," it is untimely. Plaintiffs request default be entered against Defendant, or, alternatively, Plaintiffs request Defendant's

motion to dismiss be denied on the merits due to Defendant's "dilatory conduct." Dkt. No. 23 at 1. Plaintiffs' arguments are misplaced.

Federal Rule of Civil Procedure 12 requires a defendant to serve an answer or motion to dismiss within twenty-one days after being served with the summons and complaint. In turn, Federal Rule of Civil Procedure 6 applies "in computing any time period specified in these rules, in any local rule or court order." Fed. R. Civ. P. 6(a). For purposes of counting periods stated in days, e.g. twenty-one days,

- (A) exclude the day of the event that triggers the period;
- (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
- (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1). Here, assuming Plaintiffs' September 25, 2025 service upon Defendant was sufficient, Defendant's answer was due before midnight of October 16, 2025. See id. Defendant's motion to dismiss was undisputably filed on October 16, 2025. Dkt. No. 21. Accordingly, the motion to dismiss was timely under Rule 12.

## CONCLUSION

For these reasons, Plaintiffs' motion to strike Defendant State Farm's motion to dismiss and motion for entry of default, dkt. nos. 23-27, are **DENIED**.

**SO ORDERED**, this 20 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA