# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CHERYL A. ABRAMS and
FRANK VOZNEK,

    Plaintiffs,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

CV 2:25-117

## ORDER

Before the Court are Defendant State Farm Fire and Casualty Company's motion to dismiss, dkt. no. 21, motion for hearing, dkt. no. 22, and motion to strike, dkt. no. 33.  The motions have been fully briefed and are ripe for review.  Dkt. Nos. 29, 31, 32, 34, 36, 37, 39.

## BACKGROUND[1]

This case involves two insurance policies and the parties' dispute over what coverage the policies provide to Plaintiffs after Hurricane Helene damaged their home and other structures.

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).  The Court is also required to liberally construe *pro se* complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Plaintiffs Cheryl Abrams and Frank Voznek lost their prior home due to Hurricane Sandy.  Dkt. No. 1 ¶¶ 55, 70.  When purchasing insurance coverage for their current home in Hazlehurst, Georgia, Plaintiffs told a State Farm agent that they "never wanted to go through that again."  Id. ¶¶ 152, 157.  State Farm "sold [Plaintiffs] maximum protection accordingly." Id. ¶ 3.  Plaintiffs purchased a homeowners policy [Policy Number 81-EL-231-8] from State Farm and "relied upon '100% replacement coverage' representations from State Farm's agents."  Id. ¶¶ 2, 7.  Some time afterward, Plaintiffs purchased a one-million-dollar umbrella policy "to avoid financial ruin in a catastrophic loss."  Id. ¶ 2. The homeowners policy and umbrella policy were in effect when Hurricane Helene struck Plaintiffs' home on September 27, 2024. Id. ¶ 1.  During the storm, multiple old-growth pine trees fell and struck Plaintiffs' home.  Id. ¶ 21.  "The impact smashed through the ridge line, snapped rafters, twisted purlins, and destabilized the dwelling;" additionally, "[f]loors dropped, walls cupped and bulged, walls cracked, [and] doors went out of square ('broken back syndrome')."  Id.  Plaintiffs further allege that "essential buildings," including the garage, well pump house, and garden building sustained severe structural damage.  Id. ¶ 24.

On September 27, 2024, State Farm opened the loss under an umbrella claim [no. 11-74J6-04M] but then "reversed" so that the loss was opened as a homeowners claim [no. 11-74J6-07C], with State

2

Farm stating the umbrella claim was opened "in error."  Id. ¶¶ 35, 55, 212.

On October 19, 2024, State Farm assigned a field adjuster to inspect the property.  Id. ¶ 26.  Plaintiffs allege the resulting estimate "misapplied Coverage B to essential buildings and imposed extreme depreciation as if materials were 78-150 years old" and inaccurately described aluminum panels, which cost $6.80 to $7.14 per square foot, as "generic wall/roof panels," which are cheaper at $3.84 to $4.41 per square foot.  Id. ¶ 28.  Plaintiffs further allege the estimate "consistently minimized" premium materials and essential buildings and allowed for only $4,070 to "'repair' two destroyed chimneys that require full reconstruction."  Id. ¶¶ 28, 29.   Additionally, Plaintiffs allege the estimate "omitted $50,000—$100,000 in demolition, debris removal, and site prep" and "misclassified irreplaceable architectural elements, including red-oak Weldtex ceiling tiles and old-growth heart-pine finishes, as generic materials."  Id. ¶¶ 30-31.  Plaintiffs allege the estimate's "omissions extended to HVAC contamination, soot remediation, pool damage, foundation cracking, and driveway destruction," and the estimate "ignored foundation failure."  Id. ¶¶ 33-34.

After the hurricane, Plaintiffs were forced to stay in a hotel because their home was uninhabitable.  Id. ¶¶ 44, 76.  The homeowners policy provided $131,010 in coverage for Additional

Living Expense ("ALE").  Id.  On October 29, 2024, State Farm "cut off" ALE payments, because State Farm's adjuster declared the home "habitable," despite "septic backup, collapsed chimneys, structural failure, mold contamination, hazardous soot and dust . . . and lack of HVAC in extreme heat."  Id. at 5; id. ¶ 44. Plaintiffs allege they were forced to return to these unsafe conditions.  Id. ¶ 44.  State Farm's final ALE payment was in the amount of $2,084.67, despite $131,010 in available coverage.  Id. ¶¶ 77-78.

On November 1, 2024, State Farm issued a digital payment for $68,815.32 to Plaintiffs through its online portal.  Id. ¶ 111. On November 3, 2024, State Farm rescinded the digital payment. Id. ¶¶ 46, 112.  On November 6, 2024, State Farm issued two "conflicting paper checks": one for $68,815.32, which was later voided, and the other for $53,815.32, which Plaintiffs deposited. Id. ¶¶ 46, 113—14.  Plaintiffs maintain that the $53,815.32 check was partial payment while they continued to "demand all remaining benefits owed."  Id. ¶¶ 114, 143.  Plaintiffs allege that State Farm has paid "only one reduced partial payment of $53,815.32" in connection with their claim.  Id. ¶ 5.  Plaintiffs assert that State Farm's "payment manipulation" prevented them from "focusing their efforts on obtaining federal disaster assistance through FEMA and other programs for which they were eligible as Hurricane Helene victims."  Id. ¶ 47.

4

On June 11, 2025, State Farm stated in writing that it maintained internal claim notes concerning Plaintiffs' loss but refused to provide access to the notes without a subpoena. Id. ¶ 101. On June 19, 2025, Plaintiffs sent State Farm a demand letter, wherein they requested State Farm pay them the "full policy limits." Id. at ¶ 184; Dkt. No. 1-3 at 29-36. The following day, Plaintiffs sent the demand letter and "detailed fraud evidence" to the Georgia Insurance Commissioner. Dkt. No. 1 ¶¶ 94, 184. On July 11, 2025, the Georgia Department of Insurance ("DOI") dismissed Plaintiffs' "detailed fraud evidence in a written communication." Id. ¶ 53. On September 16, 2025, a Georgia DOI representative stated in a recorded phone call that the department had found no violations by State Farm or its adjuster. Id. ¶¶ 101, 206.

On September 24, 2025, Plaintiffs, proceeding *pro se*, brought this civil action against State Farm by filing a seventy-four-page complaint with 224 pages of attachments. Dkt. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5. In the complaint, Plaintiffs assert the following claims: breach of contract (Count I); bad faith failure to pay (O.C.G.A. §§ 33-4-6, 33-6-4) (Count II); fraud and misrepresentation (Count III); attorney's fees for bad faith litigation (O.C.G.A. § 13-6-11) (Count IV); federal RICO (18 U.S.C. §§ 1341, 1343, 1962) (Count V); civil rights violations (42 U.S.C. §§ 1983, 1985) (Count VI); professional malpractice (agent

5

negligence) (Count VII); intentional infliction of emotional distress (Count VIII); negligent infliction of emotional distress (Count IX); and declaratory judgment (Count X). Dkt. No. 1 at 44-56. State Farm moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief can be granted. Dkt. No. 21. State Farm also requested a hearing on the motion. Dkt. No. 22. Thereafter, Plaintiffs filed not one but three responses—totaling eighty pages—in opposition to State Farm's motion to dismiss. Dkt. Nos. 29, 31, 32. In turn, State Farm moved to strike Plaintiffs' responses, pursuant to Federal Rule of Civil Procedure 12(f), for failure to comply with Local Rule 7.1(a)'s page limitation. Dkt. No. 33. State Farm's three motions are now before the Court.

## DISCUSSION

### I.   State Farm's Motion to Strike

State Farm moves to strike Plaintiffs' responses to its motion to dismiss because, collectively, they violate Local Rule 7.1, which provides that, "[a]bsent prior permission of the Court, no brief shall exceed twenty-six (26) pages in length." S.D. Ga. L.R. 7.1(a). Dkt. No. 33. Although State Farm is correct that Plaintiffs' response does not comply with the Court's Local Rules, its motion to strike is **DENIED.**

State Farm's motion to strike Plaintiffs' response is filed pursuant to Federal Rule of Civil Procedure 12(f). Under this rule,

6

"[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, Rule 12(f) authorizes the Court to act either on its own to strike such matters, or "on motion made by a party." Id. Importantly, Rule 12(f) authorizes the striking of a *pleading*. A brief filed in response to a motion is not a pleading. See Fed. R. Civ. P. 7(a) (stating that "pleadings" consist of "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."); Blochowicz v. Steinberg, No. CV 125-037, 2025 WL 2201082, at *2 (S.D. Ga. Aug. 1, 2025) (holding that filings such as "motions, briefs or memoranda, objections, or affidavits" do not qualify as pleadings and, as a result, "cannot be the subject of a motion to strike" (citing Eubanks v. Henry Cnty., No. 1:11-CV-3969, 2013 WL 11971258, at *1 (N.D. Ga. June 20, 2013))); see also Silva v. Swift, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions."). In short, because State Farm asks the Court to strike a brief opposing a motion, Rule 12(f) does not authorize the requested relief. Dkt. No. 33; Blochowicz, 2025 WL 2201082, at *2; Silva, 333 F.R.D. at

7

248.  As a result, Plaintiffs' briefs in response to State Farm's motion to dismiss will remain on the record.

### II.  State Farm's Motion to Dismiss

State Farm moves to dismiss Plaintiffs' complaint for failure to state a claim for which relief can be granted.  Dkt. No. 21. In opposition, Plaintiffs largely respond 1) by stating State Farm misunderstood their claims or 2) by providing further information to support their claims.

### A. Legal Authority

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the alleged facts allow the Court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

8

it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

In evaluating a motion to dismiss, the Court must accept the facts alleged in the complaint as true and "construe them in the light most favorable to the plaintiffs." Ray, 836 F.3d at 1347 (citations omitted). The Court need not accept as true allegations that merely declare that the elements of the claim are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555); Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations adopted).

9

### B. Analysis

State Farm moves to dismiss Plaintiffs' complaint in its entirety. Dkt. No. 21. Therefore, the Court will address State Farm's arguments for dismissal with regard to each of Plaintiffs' claims, albeit out of order.

### i. Count IV

State Farm moves to dismiss Plaintiffs' claim for attorney's fees for bad faith litigation under O.C.G.A. § 13-6-11. Dkt. No. 21-2 at 8. State Farm correctly argues that Plaintiffs cannot recover attorney's fees under § 13-6-11 because O.C.G.A. § 33-4-6 provides the exclusive means to recover attorney's fees for bad faith. Id. (citing Powers v. Unum Corp., 181 F. App'x 939, 944 n.8 (11th Cir. 2006) ("The district court also properly concluded that Powers's claim for attorneys fees and litigation expenses under O.C.G.A. § 13-6-11 was barred by O.C.G.A. § 33-4-6, which provides insureds the exclusive procedure to recover attorneys fees.")). Indeed, Plaintiffs concede State Farm "is correct on this narrow legal point." Dkt. No. 29 at 21. Accordingly, State Farm's motion to dismiss, dkt. no. 21, is **GRANTED** as to Count IV, and this claim is **DISMISSED**.

### ii. Count X

Next, State Farm moves to dismiss Plaintiffs' claim for declaratory judgment (Count X). Dkt. No. 21-2 at 20. State Farm argues that, "[w]hen an insurer has already denied coverage for a

claim, declaratory judgment is not available." Id. State Farm appears to argue that Plaintiffs do not have standing to bring a declaratory judgment action. See id. While this argument misses the mark, State Farm is correct that Plaintiffs have failed to state a claim under this Count.

"Declaratory judgments . . . are remedies, not stand-alone causes of action that can be pleaded as independent counts." Griffin v. Lee Cnty. Bd. of Educ., No. 3:16-CV-27, 2019 WL 1338896, at *6 (M.D. Ala. Mar. 25, 2019). "A plaintiff must prevail on an underlying claim in order to be entitled to [such] form of relief." Id. (quoting Feingold v. Budner, No. 08-80539-CIV, 2003 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008)). Accordingly, State Farm's motion to dismiss Count X is **GRANTED** to the extent Plaintiffs attempt to plead it as a cause of action. This ruling does not hamper Plaintiffs' ability to seek declaratory relief as an equitable remedy.

### iii. Counts I, II, III, VII

Plaintiffs' Counts I, II, III and VII do not state a discrete cause of action such that State Farm could form a proper response. Barmapov, 986 F.3d at 1324. For example, State Farm moved to dismiss Plaintiffs' breach of contract claim (Count I) by arguing that the umbrella policy provides coverage for only liability, not property damage. Dkt. No. 21-2 at 5-6. Plaintiffs' dispute State Farm's contention but then also clarify that their breach of

11

contract claim is based on not only the umbrella policy *but also* the homeowners policy. Dkt. No. 29 at 14. As to Plaintiffs' bad faith claim (Count II), State Farm argues the claim should be dismissed because O.C.G.A. § 33-6-4 does not provide a private cause of action. Dkt. No. 21-2 at 6. In response, Plaintiffs concede that point but argue that their bad faith claim is based *primarily* on O.C.G.A. § 33-4-6. Dkt. No. 29 at 16. Next, State Farm interpreted Plaintiffs' fraud and misrepresentation claim (Count III) to assert fraudulent inducement on State Farm's part. Dkt. No. 21-2 at 7. In response, Plaintiffs argue they do not assert a fraudulent inducement claim but rather a claim for fraud in the performance and handling of their insurance claim. Dkt. No. 29 at 19. Finally, as to Plaintiffs' "professional malpractice (agent negligence)" claim (Count VII), State Farm moved to dismiss on the ground that improper claims handling sounds in contract, not tort. Dkt. No. 21-2 at 15. In response, Plaintiffs argue their claim does not assert improper claims handling but negligent procurement by the insurance agent and systematic abandonment after the agent's death. Dkt. No. 29 at 37, 38.

As illustrated, Plaintiffs' complaint "lacks the requisite specificity" and leaves both State Farm and this Court "to guess what exactly [they are] claiming." Tigner v. Lee Cnty. Jail, No. 3:21-CV-342, 2022 WL 263284, at *4 (M.D. Ala. Jan. 10, 2022),

report and recommendation adopted, 2022 WL 256288 (Jan. 26, 2022). Counts I, II, III and VII are therefore subject to dismissal.

### iv. Counts V, VI, VIII, IX

State Farm moves to dismiss Counts V, VI, VIII and IX, arguing that Plaintiffs failed to plead sufficient factual allegations to state a claim for relief. While not conceding this point, Plaintiffs attempt to provide further factual allegations in their response brief to support their claims. For example, as to Plaintiff's federal RICO claim (Count V), State Farm argues Plaintiffs fail to plead their allegations with particularity as required by Federal Rule of Civil Procedure 9(b). Dkt. No. 21-2 at 9. In their response, Plaintiff's first cite allegations in the complaint regarding State Farm's payment transmissions and rescissions. Dkt. No. 29 at 22. Then, Plaintiffs provide further factual allegations not contained in the complaint, including allegations of a "predatory attorney referral scheme targeting disaster victims." Id. at 23; see also id. at 23-27.

Next, with regard to Plaintiffs' civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 (Count VI), State Farm argues in its motion to dismiss that it is not clothed in the authority of state law to be subject to § 1983 liability and that the Georgia DOI's alleged bias cannot be imputed to State Farm to impose § 1985 liability. Dkt. No. 21-2 at 13-14. In response, Plaintiffs make new allegations regarding a conspiracy among State

Farm and Georgia DOI, GEMA, and FEMA officials to support their § 1983 claim, and, to support their § 1985 claim, Plaintiffs allege State Farm discriminated against them based on their status as vulnerable and unsophisticated Hurricane Helene victims. Dkt. No. 29 at 27-34.

In moving to dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim (Count VIII), State Farm argued that, per the complaint's allegations, State Farm's conduct is not so "outrageous" to satisfy the IIED standard. Dkt. No. 21-2 at 16. In response, Plaintiffs newly allege that State Farm "target[ed] vulnerable disaster victims," and that such conduct "exceeds the bounds of decency." Dkt. No. 29 at 44.

Finally, with regard to Plaintiffs' negligent infliction of emotional distress claim (Count IX), State Farm argues in its motion to dismiss that, to succeed on such a claim, Plaintiffs must have alleged they suffered physical harm. Dkt. No. 21-2 at 18. In response, Plaintiffs point to a single allegation in the complaint regarding their respiratory issues; then, they allege further physical injury in the form of uninhabitable living conditions, ongoing physical illness from exposure to contaminated air, physical stress and deterioration, sleep deprivation and physical pain. Dkt. No. 29 at 46.

"A complaint may not be amended by briefs in opposition to a motion to dismiss." Gibbons v. McBride, 124 F. Supp. 3d 1342,

14

1381 (S.D. Ga. 2015) (citing Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).  Therefore, the additional factual allegations Plaintiffs provide in their response brief are not properly before the Court when deciding State Farm's motion to dismiss.  Because Counts V, VI, VIII and IX are not supported by sufficient factual allegations, they are subject to dismissal.

### III. Opportunity to Amend

Plaintiffs' complaint suffers from three major deficiencies. First, it is unwieldy.  The complaint and attachments total two hundred ninety-eight pages and contain a myriad of repetitive and conclusory allegations.  See, e.g., Dkt. No. 1 at 23, 24, 27, 42, 48, 56, 64 (alleging unauthorized tree removal); id. at 7, 16, 17, 21, 22, 26, 27, 39, 40, 55 (alleging mold contamination).  Second, despite its length, the complaint omits relevant factual allegations, as evidenced by Plaintiffs' response to State Farm's motion to dismiss, dkt. no. 29.  Finally, Plaintiffs do not clearly state the legal bases for their claims, leaving State Farm and this Court to guess what, exactly, it is they are claiming.

While Plaintiffs' complaint presently falls short of federal pleading requirements, the Court nonetheless grants Plaintiffs leave to file an amended complaint. A party may amend its pleading with the court's leave. See Fed. R. Civ. P. 15(a)(2). Notably, a district "court should freely give leave when justice so requires," id., unless there is an "apparent or declared reason" to deny it

such as "undue prejudice to the opposing party." Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 999–1000 (11th Cir. 2021) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962); Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006)). District courts' discretion to allow amendment should generally be exercised in a manner favoring amendment rather than wholesale dismissal in an effort to reach the merits of a dispute. Id. at 1000 (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406–07 (11th Cir. 1989) (stating that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion")).

This discretion also extends to allow amendments to pleadings "even when a party does not formally request leave." Id. (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that a "district court is not *required* to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court" (emphasis added))). At bottom, the Eleventh Circuit neither requires a district court to grant leave to amend a pleading *sua sponte* nor forbids it. Id. (citations omitted).

Guided, in part, by the Eleventh Circuit's preference for liberally permitting amendments, the Court elects to allow

16

Plaintiffs an opportunity to amend the complaint, rather than dismissing the case at this stage. See id. (citing Shipner, 868 F.2d at 406–07). Lending further support to this decision, there is no suggestion of undue prejudice present in this case such that it would be improper for Plaintiffs to be afforded an opportunity to amend their pleading, especially where this would be their first amended complaint.

As such, the Court **DENIES** the remainder of State Farm's motion to dismiss at this time and **ORDERS** Plaintiffs to file an amended complaint within **fourteen (14) days** of the date of this Order. Plaintiffs are warned that their failure to assert sufficient factual allegations to support a plausible claim for relief, in a discrete and succinct manner, will result in dismissal of this case, as will an untimely amendment.

**CONCLUSION**

State Farm's motion to strike, dkt. no. 33, is **DENIED**. State Farm's motion to dismiss, dkt. no. 21, is **GRANTED** as to Plaintiffs' attorney's fees claim under O.C.G.A. § 13-6-11 (Count IV) and Plaintiffs' declaratory judgment claim (Count X) to the extent it asserts a separate cause of action, but the motion is **DENIED** as to all other claims. Additionally, State Farm's request for oral argument on its motion to dismiss, dkt. no. 22, is **DENIED as moot**.[2]

---

[2] A court is not required to hold an oral hearing before ruling on a motion to dismiss. Roberts v. FNB S. of Alma, Ga., 716 F. App'x

Plaintiffs are **ORDERED** to file an amended complaint, as directed above, within **fourteen (14) days** of the date of this Order.

    **SO ORDERED**, this 31st day of July, 2026.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

854, 857 (11th Cir. 2017) (citing Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998)). Instead, Rule 12 requires only that a party "be given the opportunity to present its views to the court." Greene, 136 F.3d at 316. State Farm has adequately addressed the key issues of its motion to dismiss within its briefing. Dkt. No. 21.