**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

CHERYL A. ABRAMS, and FRANK VOZNEK,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

CIVIL ACTION NO.: 2:25-cv-117

**O R D E R**

Plaintiffs filed a Motion for leave to audio-record the discovery inspection of their residence. Doc. 61. Defendant filed a Response. Doc. 62. Plaintiffs filed a Reply. Doc. 66. For the following reasons, I **DENY** Plaintiffs' Motion.

Plaintiffs filed suit, alleging that their house was damaged in Hurricane Helene. Doc. 1 at 8. Plaintiffs allege that Defendant did not pay the amount provided for in Plaintiffs' home insurance policy to cover the loss. Id. at 3. The parties have engaged in discovery, and Defendants intend to perform an inspection of the premises. Doc. 60.

Plaintiffs then filed the instant Motion, seeking leave to make an audio and video recording of Defendants' inspection of the property. Doc. 61. Plaintiffs argue that audio recording in Georgia is lawful. Id. at 3. Plaintiffs also argue that they always maintain audio and video recording equipment at their home for security purposes and they should not be made to disable it for the purposes of an inspection. Id. Plaintiffs argue that, if Defendant has concerns about confidential conversations being recorded, counsel can address the issue "later,

under the ordinary rules of evidence and discovery." Id. at 4. Lastly, Plaintiffs argue that recording the inspection will not interfere with it in any way. Id.

Defendant does not object to Plaintiffs' presence during the inspection or their recording video. Defendant only opposes an audio recording and argues that, where non-destructive testing occurs, courts in this Circuit regularly protect conversations from being recorded in the context of inspections. Doc. 62 at 2.

A party may serve on any other party a request "to permit entry onto designated land or other party possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Per the parties' representations, Defendant properly served this request, and Plaintiffs do not object to the inspection. The parties' dispute lies with the conditions Plaintiffs want to impose (audio and video recording of the inspection).

Courts routinely restrict opposing party access to Rule 34 inspections. See Shoemaker by Embree v. Gen. Motors Corp., 154 F.R.D. 235, 236 (W.D. Mo. 1994) (finding that plaintiffs' counsel were not entitled to be present at an inspection because defendants' experts' opinions were protected absent exceptional circumstances."); Zarfati v. Artsana USA, Inc., Case No. 24-CV-21372, 2025 WL 857674, at *2 (S.D. Fla. Feb. 18, 2025) (finding that courts "routinely allow non-destructive, Rule 34 inspections to take place privately").

As it stands now, Plaintiffs have not demonstrated that the circumstances warrant an audio recording. Defendants have consented to Plaintiffs' physical presence during the inspection and to video recording, which sufficiently safeguard the privacy interests about which Plaintiffs express concern. Plaintiffs' request for an audio recording adds proportionally little

benefit while risking creating a permanent record of potential work product and unnecessarily interrupting the inspection that Defendant is entitled by the Rules to perform.

In their Reply, Plaintiffs argue that there is no additional disclosure from audio recording because Defendant consented to Plaintiffs' presence at the inspection, during which Plaintiffs will presumably be able to hear Defendants' experts' conversations. Doc. 66 at 4. But allowing Plaintiffs to be physically present at an inspection does not itself override the protections the Federal Rules of Civil Procedure afford. Plaintiffs provide no authority to the contrary and no examples of when any federal court has ever authorized an audio recording to be taken of a Rule 34 inspection.

The parties also disagree on the applicability of Rule 26(b). Defendant argues that, since their experts have not been retained, Rule 26(b)(4)(D) bars Plaintiffs from discovering "facts known or opinions held" by the experts. Doc. 62 at 2–3. Plaintiffs argue that Rule 26(b)(4)(D) is inapplicable because it only applies to interrogatories and depositions. Doc. 66 at 4. The Court need not rely on Rule 26(b)(4)(D), however, because the Court retains discretion to direct the manner through which a Rule 34 inspection occurs. See Zarfati, 2025 WL 857674, at *8 (allowing, through the court's "broad discretion," a Rule 34 inspection with specific, court-imposed conditions).

For the foregoing reasons, I **DENY** Plaintiffs' Motion for Leave to Audio Record. Doc. 61. The inspection of Plaintiffs' property shall occur no later than **August 28, 2026**.[1]

[1] At the parties' last telephonic conference, I ordered them to conduct the inspection within 45 days of July 10, 2026, the date of that call. Doc. 60.

Plaintiffs may be present at the inspection and may record through videographic means. However, Plaintiffs may not record audio in any manner.

**SO ORDERED**, this 24th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA